UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHARLES WHITTINGTON, individually, and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>WALGREEN CO., an Illinois corporation, and DOES 1-50, inclusive,<br><br>        Defendants. | No. 2:20-cv-00600 WBS CKD<br><br>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO STAY |

----oo0oo----

Plaintiff Charles Whittington filed this action individually, and on behalf of other similarly situated, against defendants Walgreen Co. and Does 1 through 50, alleging several wage and hour claims under the California Labor Code. Before the court is defendant Walgreen Co.'s motion to stay the proceedings. (Docket No. 7.)

I. Relevant Factual Information

On November 6, 2018, a wage and hour class action

1

1  lawsuit was filed against defendant Walgreen, entitled <u>Lucas</u>
2  <u>Mejia v. Walgreen Co.</u>, Case No. 2:19-cv-00218-WBS-AC, which is
3  also currently pending before this court.  The <u>Mejia</u> action
4  alleges the following wage and hour claims: (1) failure to pay
5  minimum wages; (2) failure to pay overtime wages; (3) failure to
6  provide meal periods; (4) failure to authorize and permit rest
7  periods; (5) failure to provide accurate itemized wage
8  statements; (6) failure to timely pay all wages after separation
9  of employment; and (7) unlawful business practices, Cal. Bus. &
10 Profs. Code §§ 17200, <u>et seq.</u> (Declaration of Christopher J.
11 Archibald ("Archibald Decl."), ¶ 2, Ex. A).  Plaintiff Mejia
12 alleged his claims individually and on behalf of current and
13 former non-exempt employees who have worked in defendant's
14 distribution centers. (Archibald Decl., Ex. A, <u>Mejia</u> Compl. ¶ 1).
15         Over a year later, on January 24, 2020, plaintiff
16 Whittington -- a former employee who worked in one of defendant's
17 California distribution centers -- filed this wage and hour class
18 action against defendant alleging the following claims: (1)
19 failure to provide required meal periods; (2) failure to provide
20 required rest periods; (3) failure to pay overtime wages; (4)
21 failure to pay minimum wages; (5) failure to pay all wages due to
22 discharged and quitting employees; (6) failure to maintain
23 required records; (7) failure to furnish accurate itemized wage
24 statements; (8) failure to indemnify employees for necessary
25 expenditures incurred in discharge of duties; (9) unfair and
26 unlawful business practices, Cal. Bus. & Profs. Code §§ 17200, <u>et</u>
27 <u>seq.</u> ; and (10) penalties under the Private Attorneys General
28 Act, Cal. Labor Code §§ 2698-2699.5.  (<u>See generally</u> Compl.

(Docket No. 1).)  Like the Mejia action, this action seeks to represent the same putative class comprised of all current and former non-exempt employees of defendant who work or worked at its distribution centers in California.  (Compl. ¶ 5.)  Defendant now moves to stay the present action pending the resolution of Mejia.

II. Discussion

"The first-to-file rule allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1239 (9th Cir. 2015).  The rule "is intended to serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." Id. at 1239.

"In applying the first-to-file rule, a court looks to three threshold factors: '(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues.'" Adoma v. Univ. of Phoenix, Inc., 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010) (citing Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625 (9th Cir. 1991)).  "The issues in both cases . . . need not be identical, only substantially similar." Kohn Law Grp., 787 F.3d at 1240-41 (citing Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp., 665 F.3d 671, 677-78 (5th Cir. 2011)). "If this action meets the requirements of the first-to-file rule, the court has the discretion to transfer, stay, or dismiss the action." Id.

Here, plaintiff does not contest (1) that the Mejia action was filed before the present action, (2) that the

3

defendant and proposed putative classes in the Mejia and the instant action are the same, and (3) that the issues and claims involved in both actions are substantially similar.  (See generally Opp'n (Docket No. 8).)  Plaintiff argues only that the claims alleged in both actions are not identical.  (Id. at 1.)  However, because only two of plaintiff's ten claims do not overlap with the Mejia action,[1] the court finds that there is "'substantial overlap' between the two suits" and that the issues are therefore substantially similar.  See Kohn Law Grp., 787 F.3d at 1241 (quoting Harris Cty., Tex. v. CarMax Auto Superstores Inc., 177 F.3d 306, 319 (5th Cir. 1999)).  Because this action meets all three requirements of the first-to-file rule, the court will exercise its discretion to stay the proceedings.[2]  See Adoma, 711 F. Supp. 2d at 1146.

      IT IS THEREFORE ORDERED that defendant's motion to stay (Docket No. 7) be, and the same hereby is GRANTED.  The Clerk is instructed to administratively close the file in this case, subject to its being reopened upon application of any party after final disposition of the case in Mejia v. Walgreen Co., No 2:19-cv-00218 WBS-AC.

Dated:  June 25, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The only non-overlapping claims are plaintiff Whittington's claims for failure to maintain required records and failure to indemnify for necessary expenditures incurred in the discharge of duties.

[2] The court notes that both cases are before the same judge, which further supports the court's conclusion that staying the proceedings here would "promot[e] efficiency."  See Kohn Law Grp., 787 F.3d at 1239.

4